In the Matter of the Petition of Philip Gold, and Beneficiary of Bertha Gold, Deceased, Petitioner *v.* Public School Employees' Retirement Board, Respondent.

Argued September 13, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Saul Doner,* with him *LaCheen, Doner & LaCheen,* for petitioner.

*Raymond Kleiman,* Deputy Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, November 5, 1979:

Philip Gold appeals from the Public School Employees' Retirement Board (board) adjudication denying his petition for the actuarial value of his deceased wife's interest in the retirement fund, under the Public School Employees' Retirement Code of 1959 (code).[1]

The undisputed facts as found by the board were that on May 7, 1970, the decedent filed her application for retirement, to be effective May 16, 1970, the day following her retirement, naming petitioner her beneficiary and electing the maximum annuity option. Decedent died July 9, 1970.

The maximum annuity option provides the contributor with the highest monthly income; under it, if the aggregate amount of retirement allowance payments received by a contributor before death is less than the accumulated deductions, the designated beneficiary receives only the difference between the two.

Petitioner, however, claims a higher amount—the actuarial value of the decedent's full allowance, an amount of $82,500.00, on the theory that decedent's application for retirement was an offer which had not been approved or accepted by the board. Therefore, petitioner alleges that decedent's death effectuated a withdrawal of the application/offer. Because decedent's death occurred within ninety days after her termination of services, petitioner alleges that the

---

[1] Act of June 1, 1959, P.L. 350, *as amended,* 24 P.S. §§3101 et seq.

board erred as a matter of law in failing to apply the automatic death benefit provision of Section 406, 24 P.S. §3406(2), which provides that:

Any contributor who is entitled to a superannuation retirement allowance . . . and who shall *die while in school service before filing* with the retirement board a written application for retirement as heretofore provided, or who, *within ninety (90) days after the termination of his school service* and *prior to the date of his death,* had not *entered upon withdrawal or superannuation retirement allowance* or withdrawn his accumulated deductions, shall be considered as having elected to receive the actuarial equivalent of his full withdrawal allowance or superannuation allowance under Option 1, as the case may be, as provided in section 404 of this article, as of the date of his death. (Emphasis supplied.)

We note that decedent in this case did not "die while in school service before filing . . . a written application for retirement." That fact makes the first category of Section 406 inapplicable here.

Hence, petitioner's remaining argument is that decedent fits that group who "within ninety (90) days after the termination . . . and prior to the date of his death, had not entered upon withdrawal or superannuation retirement allowance." Petitioner argues that, without board approval of the decedent's application for retirement allowance, decedent had not "entered upon" her retirement allowance and therefore, the presumption of Section 406(a) became operative, so that it is as if decedent had elected to receive the acturial equivalent of the full withdrawal allowance.

We agree with the board's determination that the automatic death benefit option of Section 406 of the code is inapplicable where, as required by Section 404,

24 P.S. §3404 and Section 505, 24 P.S. §3505(4), decedent had filed with the retirement board a written statement setting the time of retirement and electing to receive her benefits in conformance with the maximum annuity plan.

In *Ogden v. Public Schools Employes' Retirement Board,* 77 Dauphin 259 (1961), *aff'd* 198 Pa. Superior Ct. 174, 182 A.2d 228 (1962), the executors alleged that, because the contributor had died within ninety days of his retirement, before he had received any monthly payments, he therefore had not "entered upon" his superannuation retirement allowance and thus should have been considered to have elected Option 1.

The court held that where contributor had made a deliberate election, a section providing an option in the absence of an election is not meant to be used to force on the contributor an option contrary to the one selected.

Although, in the *Ogden* case the board had "approved" the contributor's application before his death, the court stated that "the exercise of the contributor's rights was complete when he expressed his election to retire and chose the manner in which he would receive his allowance, although he died before receiving payment." *Ogden, supra,*       Pa. Superior Ct.       , 182 A.2d at 231.

Furthermore, the regulations at 22 Pa. Code §213.45 provide a general rule that, once a member has filed an application for benefits and chosen an option, such option shall be deemed irrevocable.

We note that *Maley Estate,* 60 D. & C. 2nd 86 (1973), and *Snyder Estate (No. 2),* 37 D. & C. 2nd 260 (1965), on which the petitioner relies, were concerned only with a contributor's power to change the named beneficiary, and are not dispositive of the issue here.

Thus, board approval is apparently not critical to the formation of the contract between the Common-

wealth and the contributor, but is confirmatory, and as such, the approval is of a ministerial nature.

We therefore affirm the order of the board.

## ORDER

AND Now, this 5th day of November, 1979, the adjudication of the Public School Employees' Retirement Board, dated October 28, 1977, is affirmed.